## Francis W. Dana *versus* Charles Kemble, Principal, and Thomas Barry, Trustee.

Where a person called as a witness, stated that he was indebted to the defendant, and that he had been summoned in the action as his trustee, it was *held*, that he was not interested in the event of the suit, and so not incompetent to testify.

Money obtained through fraud and misrepresentation may be recovered back in an action of assumpsit for money had and received.

Where the defendant contracted with the plaintiff to act at the Tremont theatre for half the gross receipts of the house, it being understood by the plaintiff, that the terms were to be as favorable for the plaintiff as those on which the defendant acted at other theatres, and the defendant representing that they were so, and one night, after the play was over, and after it had been advertised that the defendant was to play the following evening, the plaintiff informed him that he had good authority for believing that he acted at another theatre on more favorable terms, but the defendant denied it and threatened that unless he were paid half the gross receipts he would not act on the following evening, and thereupon the plaintiff paid him, it was *held*, that this was not a voluntary payment, but that the plaintiff, upon showing that the contract was entered into through fraud and misrepresentation, might recover back the sum paid beyond the amount to which the defendant was justly entitled.

Assumpsit to recover a sum of money which the plaintiff alleged that he had paid to the defendant by mistake. The counts in the writ were for money had and received, money lent and accommodated, and money paid. The defendant pleaded the general issue.

At the trial, before *Morton* J., it appeared, that the plaintiff was the manager of the Tremont theatre, and that in 1833, he employed the defendant and his daughter to perform twenty-five nights, commencing on April 15th and ending on May 17th; and that for these services he paid the defendant $8384, being one half of the gross receipts of the theatre during the time of the defendant's engagement.

The plaintiff claimed to recover back £25 sterling per night, (excepting the benefit nights,) that sum being the estimated expenses of the house per night.

The plaintiff put his claim upon two grounds : 1. That he had paid the defendant a sum of money beyond the terms of the contract between them ; and if not, 2. That the defendant, by misrepresentation and fraud, obtained more favorable terms than he was entitled to.

46 *

Dana
*v.*
Kemble
and

By the correspondence between the parties it appeared, that on September 28, 1832, the defendant wrote to George H. Barrett, the plaintiff's stage manager, " that we do not intend to act for less than a clear half of the house nightly. These are our terms in England, Scotland, Ireland and America." On October 18, 1833, the plaintiff wrote to the defendant, " I have concluded to accede to your terms, viz. half the houses but only however with the *express understanding*, that, as as sured by you, they are as favorable as you perform for at any other theatre." On January 23, 1833, the plaintiff wrote to the defendant, " I have requested Mr. Barrett, while in New York, to see you on the subject of visiting Boston, and have authorized him to accede to your terms, of half the houses, but with of course the same understanding as heretofore, that, as assured by you, they are the same with all other managers."

Several payments of half the gross receipts had been made to the defendant during his engagement. On the 16th of May, 1833, the plaintiff wrote to the defendant : " You will recollect having at all times, during our negotiations, stated your willingness to perform with us on as favorable terms as at any other theatre, and with which understanding on my part, as you are well aware, I authorized Mr. Barrett to settle your present engagement. You assured me that you received these terms (half the receipts) at *all* the theatres. Since our correspondence, I am however informed by what I consider to be good authority, that you have *not* in fact received from the Park theatre the same terms above alluded to. I am ready to settle your engagement without any demur, on being satisfied of the fact that you have not performed at the Park theatre on any other terms than one half of the entire receipts."

Thomas Barry, offered as a witness on the part of the plaintiff, was objected to on the ground of being interested in the event of the suit. On this point the witness stated, that he was indebted to the defendant when this suit was commenced, and when he was summoned in it as the defendant's trustee ; and that the defendant had a suit pending against him for the sum due from him. The objection to the witness was over-

ruled, and he thereupon testified, that he was manager of the Park theatre in New York, from September 1832 to July 1833 ; that the defendant and his daughter performed there ; that he did not know what the contract was, but the defendant informed him, that it was made in London, and that it was this, that the defendant was to receive one half the gross receipts, after deducting £50 sterling per night for the expenses ; that the defendant was settled with upon these terms ; and that the witness did not inform the plaintiff on what terms the defendant played at New York, until after the witness came to Boston, in August 1833.

The defendant's counsel, in opening his defence, stated that the plaintiff must prove fraud in the contract in execution of which the money was paid, and that he must make it out clearly and strictly, or he could not recover ; and that even if the fraud were proved, yet that the money was paid voluntarily, with a full knowledge of all the circumstances, and therefore could not be recovered back.

George H. Barrett, being called by the defendant, testified that in making the contract with the defendant he acted as the agent of the plaintiff ; that the witness was invited into the defendant's parlour on the night of May 16th, and the defendant showed him the plaintiff's letter of that day ; that the defendant was much excited ; that he said, " my engagement was made with you, and I shall not play to-morrow night unless I am paid ; " that the witness gave him his word that the engagement should be paid ; that on the next morning the witness mentioned this conversation to the plaintiff ; that afterwards the plaintiff gave the witness the money, and the witness paid it to the defendant ; that the defendant, at all times, represented that he had half the gross receipts at all the other theatres.

It appeared that the play bills had been posted up and the advertisement published, giving notice that the defendant and his daughter were to act the next night, before the conversation between Barrett and the defendant took place.

Upon this and other evidence the cause was submitted to the jury. The defendant's counsel requested the judge to instruct the jury, that taking all the facts to be proved, which

the plaintiff attempted to prove, still this action in this form could not be supported by the rules of law. The judge declined giving this instruction, and stated to the counsel, that in his opinion the plaintiff could not recover on the ground of fraud or misrepresentation in making the contract between the parties, but only upon proof that the ,plaintiff had paid more than the defendant was entitled to by the true construction of the contract entered into ; and that this question should be submitted to the jury. The plaintiff's counsel objected to this opinion, and the point was reserved. He then argued to the jury, that the substance of the contract between the plaintiff and defendant was, that the defendant should have one half of the gross receipts, provided that he had not and did not perform at any other theatre on more favorable terms, and that he would perform for the plaintiff on as favorable terms as he did or had done at any other theatre.

The jury were instructed, that it was incumbent on the plaintiff to prove the contract as above stated, to enable him to recover ; that if the contract was, that the plaintiff should pay to the defendant one half the gross receipts, then the action could not be maintained, even if it was proved that the defendant obtained the contract by misrepresentation or fraud ; that if the plaintiff paid the money voluntarily, and with a knowledge of all the circumstances, then he could not recover, even if the contract were as he contended it was ; but that it was necessary that he should not only prove that the money was paid by a misapprehension of his obligations, but that it was done through mistake and ignorance, or that he was compelled to pay it.

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial, because the verdict was against law and against the evidence.

*March 2d.*  *S. D. Parker*, for the defendant.

*W. H. Gardiner*, for the plaintiff, cited to the point, that money obtained by fraud may be recovered back in an action of assumpsit for money had and received, *Moses* v. *Macferlan*, 2 Burr. 1012 ; *Hall* v. *Schultz*, 4 Johns. R. 246 ; *Mason* v. *Waite*, 17 Mass. R. 563 ; *Bliss* v. *Thompson*, 4 Mass. R. 488 ; and to the point, that the payment by the plaintiff was

not voluntary, *Smith* v. *Bromley*, 2 Doug. 696, note ; *Lowry* v. *Bourdieu*, 2 Doug. 472 ; *Watkins* v. *Otis*, 2 Pick. 97 ; 2 East, 469, note ; *Union Bank* v. *Bank of the United States*, 3 Mass. R. 74.

Dana
*v.*
Kemble
and Tr.

*Per Curiam.* The objection made to the competency of Barry is, that if the sum due from him to the defendant is diverted by the trustee process, he will not be chargeable with interest, and that otherwise he will be. But this position is not correct. If by his contract he is liable to pay interest, he will be chargeable with it on the trustee process. If he is not so liable, then as the trustee process arrests the fund in his hands, he is in no fault, and so not chargeable with interest for neglecting to pay the defendant. In either case therefore he was not interested in the event of the suit, and was properly admitted as a witness.

March 14th.

By the contract, which is contained in the letters between the parties, the defendant was clearly entitled to half the gross receipts ; and the verdict must be set aside as not being supported by the evidence. But it is proper to remark, that the plaintiff relied mainly on the ground of fraud and misrepresentation for the support of his action ; and the ruling of the judge at the trial, that he could not recover on that ground in this form of action but that his remedy must be by an action of deceipt, was erroneous. The action for money had and received is founded on principles of equity, and if owing to his own fraud or misrepresentation in entering into the contract, the defendant has received more than he was justly entitled to claim, the plaintiff has a right to recover back the excess.

In regard to the ground of defence, that the payment was voluntary, it is contended that the plaintiff's letter of May 16th shows that he was aware of all the circumstances. After the performances were over on that evening, the plaintiff sent the letter, stating that he had ground for believing that the defendant played at the Park theatre in New York, for half the net profits ; but the defendant asseverated that he had half the gross receipts ; and so the plaintiff paid the money We think this was not a voluntary payment, with a

Dana
*v.*
Kemble
and Tr

full knowledge of the facts. The defendant has no right to complain of the plaintiff for giving credit to his statement. But there is another circumstance that will excuse the payment. It was advertised that the defendant and his daughter would play on the following night, and he refused to perform unless the money should be paid. We think this was a species of constraint sufficient to excuse the plaintiff in paying the money.

*New trial granted.*